IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>THOMAS VAUGHN BARLOW,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br>Case No. 2:07-CR-504 TS |

This matter is before the Court for consideration of two papers recently submitted by Defendant.  As an initial matter, the Court notes that Defendant has appealed his case. After filing his appeal, Defendant attempted to send an ex parte communication to the Court.  Per the Court's standard practice, the attempted ex parte communication was returned to Defendant together with a form letter explaining that the Court cannot accept and does not read ex parte communications from parties regarding the merits of the case. The form letter also reminded Defendant that his case was on appeal and suggested he should contact his attorney regarding filings.

Defendant then forwarded the form letter returning the ex parte communication to the clerk of court of this court with incompressible statements handwritten across the letter.

1

Those statements are as follows: "accepted for value exempt from lien" and "money order." This forwarded form letter is the first of the two papers (the first paper) recently submitted by Plaintiff.  It does not have a heading, it does not state what relief is sought, nor does it state grounds for any relief.

Subsequently, Defendant sent yet another letter to the court (the second paper). Defendant represents that copies this second paper were sent to his counsel and the counsel for the government.  This second paper is largely incomprehensible, it does not have a heading, it does not clearly state what relief is sought, nor does it state the grounds for any relief.  The first and second papers have attachments.  The attachment to the second papers references a social security number and a home address.

As an initial matter, the Court finds that Defendant's appeal of his conviction conferred jurisdiction over matters in his case involved in his appeal with the Tenth Circuit Court of Appeals.[1]  Thus, any matters involved in Defendant's direct appeal must be addressed to that Court of Appeals, not this Court.

Second, while a pro se litigant's pleadings and papers are to be liberally construed, he or she must become familiar with and comply with the rules of procedure.[2]  Applicable rules include the  local rules of this court, cited as DUCrimR or DUCivR, and the Federal Rules of Criminal Procedure, cited as Fed. R. Crim. P.

---

[1] *United States v. Todd*, 446 F.3d 1062, 1069 (10th Cir. 2006).

[2] DUCivR. 83-1(f) (made applicable to this criminal action by DUCrimR 57-12); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (holding that "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements"of the rules of procedure).

Under the applicable rules: "All papers in criminal matters submitted to the court must conform to the format requirements of DUCivR 10-1."[3]  Those format requirements include the requirement for a header on the first page of each paper to be filed and a title indicating its nature and on whose behalf it is filed.[4]  Persons may be required to revise any papers not complying with these requirements.[5]  Next, any request for an order by this court must be made by motion,[6] must clearly state the grounds on which it is based and the relief sought,[7] must ordinarily be served on opposing parties,[8] and must comply with certain other requirements.[9]  The failure to comply with the requirement for a succinct statement of the specific ground of the relief sought "may result in sanctions that may include (i) returning the motion to counsel for resubmission in accordance with the rule; denial of the motion; or, (ii) other sanctions deemed appropriate by the court."[10]

The Court finds Defendant has failed to comply with any of the requirements for filing a Motion or paper with the Court.  Defendant is warned that continued failure to comply with procedural rules, or any further attempted ex parte communication, may result

---

[3]DUCrimR 57-1.

[4]DUCivR 10-1(a)(2).

[5]DUCivR 10-1(b).

[6]Fed. R. Crim. P. 47(a).

[7]Fed. R. Crim. P. 47(b).

[8]Fed. R. Crim. P. 47(c).

[9]DUCivR 10-1(a)(2).

[10]DUCrimR 12-1(b).

in sanctions including a prohibition against further filings.

Additionally, Defendant should be mindful that there are special protection requirements for filing certain information such as social security numbers and home addresses.[11]  The Rule providing for the protection also provides that the failure to comply with those protections may result in a waiver.[12]   Based on the foregoing, it is therefore

ORDERED that the two papers recently sent by Defendant be returned to him for the failure to comply with the local rules of this Court and the Federal Rules of Criminal Procedure.  It is further

ORDERED that the Clerk of Court mail Defendant a copy of the Local Rules of Court for this district.  The Federal Rules of Criminal and Civil Procedure will be available at the law library at the institution where Defendant is being held.

DATED   February 2, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[11]Fed. R. Civ. P. 49.1(a); DUCivR 49.1(a).

[12]Fed. R. Civ. P. 47(a).