IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS BARLOW,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON REVIEW OF DETENTION<br><br><br><br>Case No. 2:07-CR-504 TS |

Defendant moves for review of Detention. On February 14, 2008, Defendant was sentenced to 21 months in custody plus 36 months of supervised release. On February 9, 2009, Defendant began his term of supervised release. On March 10, 2009, Defendant was charged with a supervised release violation, was appointed counsel, and ordered temporarily detained. On March 13, 2009, he appeared for a detention/probable cause hearing before the Magistrate Judge. At that hearing, Defendant waived a probable cause hearing and the Magistrate Judge found Defendant should be detained. Defendant filed a Motion to Review Detention.

1

The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate's findings or conclusions.[1] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits. Although an evidentiary hearing is not required, this Court's policy is to hold a hearing and allow the parties to present any information they choose in support of their positions on detention. The hearing on this matter was set to follow Defendant's Preliminary Hearing on revocation. At that hearing, Defendant admitted the two violations and sentencing was set for April 4, 2009.

Defendant is charged with revocation or violation of supervised release. Fed.R.Crim.P. 32.1(a)(6) makes the high standard set in 18 U.S.C. § 3143(a) for obtaining release pending appeal applicable to detention in supervised release violation matters. Under this very high standard, a defendant facing a violation of supervised release has the burden of proving, by clear and convincing evidence, that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a).[2]

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); 18 U.S.C. § 3145(b) (providing a person detained by a magistrate judge may file a motion for revocation or amendment of the detention order).

[2] This section references § 3142(b) and (c), which in turn reference § 3142(g) as setting forth factors the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .." Those factors include the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger posed to

In addition, because Defendant's offense of conviction—mailing threatening communications under 18 U.S.C. § 876(c)—is a "crime of violence,"[3] § 3143(a) provides that the Court must look to subsection (a)(2) of § 3143.[4]

Therefore, § 3143(a)(2) is applicable to this detention proceeding. Under that subsection, a defendant, like Mr. Barlow, who has been found guilty of one of the categories of offenses described § 3142(f)(1)(A) ("crime of violence"), shall be "detained *unless*:"

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.[5]

Thus, persons convicted of offenses like Mr. Barlow's offense have an additional hurdle in addition to the standard requirement that they establish by clear and convincing

---

any person or the community that would be poised by the person's release.

[3] 18 U.S.C. § 3156(a)(4)(A) provides that the term crime of violence means "an offense that has as an element of the offense the . . . threatened use of physical force against the person or property of another."

[4] *United States v. Fernandez*, 144 F. Supp. 2d 115, 120 (N.D.N.Y. 2001) (holding that where the defendant "is awaiting a hearing at which a sentence relating back to his [prior] conviction will be examined and potentially modified, [the Court] must look to that conviction and determine whether it was for a crime of violence; if so, then [the court] must apply the enhanced standard of section 3143(a)(2)).

[5] 18 U.S.C. § 3143(a)(2)(A)-(B) (emphasis added).

evidence that they are not likely to flee or pose a danger; they must also must meet one of the two subsections of § 3143(a)(2).

The Court interprets § 3143(a)(2)(A)(i)'s requirement of a likelihood of judgment of acquittal or new trial as applied to supervised release violation cases to mean that the Court must find there is a substantial likelihood that no supervised release violation will be found. As noted above, Defendant has admitted the violations.

Defendant contends that he should not be detained because he now willing to comply with his Conditions of Supervision and will cooperate with his supervising officer. Defendant contends that since being detained he has cooperated. He also represents that he may lose his apartment if he is unable to work.

The government opposes release contending that Defendant has demonstrated that he is not willing to recognize the authority of the Court or the Probation Department which is supervising his term of supervised release.

The terms of Defendant's supervised release include the Standard Conditions of Supervision that are part of his Judgment and sentence. Two of those Standard Conditions are: "Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month" and "defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."[6]

---

[6]Docket No. 56, Judgment, at 3 ¶¶ 2 and 3.

Defendant admitted that he failed to attend an Administrative Staffing as scheduled. Defendant's Monthly Supervision Report contains no information other his repeated statements that he is exempt and he admits his violation regarding the required written report.

In the Court's February 3, 2009, Memorandum Decision, Defendant was reminded that ex parte communications are not acceptable and warned that any further attempted ex parte communications may result in sanctions. Subsequently, Defendant sent another ex parte letter to the Court.[7]

Defendant's actions, unlike his representations, show that does not recognize the authority of the Court's sentence of supervised release or the authority of the probation officer to supervise him. Under those circumstances, it is not possible to find that Defendant is not likely to flee. Nor is it possible to determine that Defendant is not a danger to the community.

Defendant has not rebutted the presumption of §3143(a)(b), that he be detained. Defendant has not met his burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. It is therefore

---

[7]The Court will direct that this latest ex parte communication be lodged under seal. As the Court has previously informed Defendant, it does not read ex parte communications from parties regarding the merits of a case.

ORDERED that Defendant be DETAINED.

DATED   March 24, 2009.

                                             BY THE COURT:

                                             _____
                                             TED STEWART
                                             United States District Judge